UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
VARAN GAVRIELOV, :
:
                         Plaintiff, :
:
      -against- :
:
KABBALAH CENTRE OF NEW YORK, INC., :
:
                       Defendant. :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 15 2012

11 Civ. 8128 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This action was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York State labor laws. The Court has been informed that the parties have reached a settlement in principle of this case.

      "[The] FLSA places strict limits on an employee's ability to waive claims for fear that employers will coerce employees into settlement and waiver." *Mosquera v. Masada Auto Sales, Ltd.*, No. 09 Civ. 4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (citation and quotation marks omitted). Thus, before parties may settle a case brought under the FLSA, the settlement must be approved by the Court or supervised by the Secretary of Labor. *Boucaud v. City of New York*, No. 07 Civ. 11098, 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (citing *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)); *see also Manning v. New York University*, No. 98 Civ. 3300, 2001 WL 963982, at *12-13 (S.D.N.Y. Aug. 22, 2001) (explaining that although the statute requires supervision of a settlement by the Department of Labor, case law has recognized that a plaintiff may waive his or her claims under the FLSA pursuant to a judicially-approved settlement). "In deciding whether to approve a stipulated settlement, the Court must 'scrutiniz[e] the settlement for fairness.'" *Medley*, 2010

WL 3000028, at *1 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The District Court for the Middle District of Florida recently detailed the considerations that courts may weigh in determining the fairness of a settlement. *See Dees v. Hydrady*, 706 F. Supp. 2d 1227, 1240-44 (M.D. Fla. 2010).

Accordingly, in order to allow the Court to assess the fairness, adequacy and reasonableness of the settlement, the parties are ordered to produce the settlement agreement and show cause why the Court should approve the settlement agreement and dismiss the case. The parties are further ordered either to file the settlement agreement publicly or else to show cause why the settlement agreement should not be filed publicly. Such submissions shall be made no later than June 15, 2012.

SO ORDERED.

Dated: New York, New York
May 15, 2012

_____
J. PAUL OETKEN
United States District Judge

2